DECISION.
Appellant Marianne Johnson appeals her conviction for failing to drive within marked lanes[1] and driving under the influence of alcohol.[2]
After the trial court denied her motion to suppress, she pleaded no contest to the charges. The trial court accepted her plea and sentenced her accordingly. In her sole assignment of error, Johnson now contends that the trial court erred in denying her motion to suppress. She argues that the police officer who stopped her was without probable cause to do so in violation of the Fourth Amendment to the United States Constitution. We overrule her assignment.
At the suppression hearing, Springfield Township Police Officer Scott Hughes testified that he observed Johnson's vehicle drift off the right side of Ronald Reagan Highway by approximately two feet over the white line. He followed the vehicle two-tenths of a mile and observed the car drift three times. Neither weather conditions nor roadway obstructions would have caused her to cross the line. He pulled Johnson over because he suspected drunk driving. He also expressed concern that if a disabled car had been parked on the side of the road, Johnson's car would have struck it. Officer Hughes cited Johnson for failing to drive within marked lanes.
After he had stopped Johnson and spoken with her, he noted that she exhibited signs of being under the influence of alcohol and requested that she perform four field sobriety tests. Because she failed to adequately perform on three of the tests, Officer Hughes arrested her for driving under the influence. She subsequently refused to submit to an intoxilyzer test.
When reviewing a trial court's suppression ruling, we must defer to findings of facts that are supported by competent, credible evidence.[3]
But "we must independently determine as a matter of law, without deference to the legal conclusions of the trial court, whether the facts demonstrate compliance with the applicable constitutional standard."[4]
In State v. Moeller,[5] the Twelfth Appellate District explained that one of two standards applies when determining whether a stop of a vehicle violates the Fourth Amendment to the United States Constitution. The applicable standard depends on the type of traffic stop.
An investigative stop occurs when a police officer "does not necessarily witness a specific traffic violation, but the officer does have sufficient reason to believe that a criminal act has taken place or is occurring, and the officer seeks to confirm or refute this suspicion."[6] For an investigative stop to be proper, an officer must have a reasonable, articulable suspicion that a crime has taken place or is occurring.[7]
In contrast, a noninvestigatory traffic stop occurs when a police officer witnesses a violation of the traffic code.[8] In that situation, the stop is supported by probable cause. A police officer's observation of a traffic offense, however minor, constitutes probable cause for such a traffic stop.[9]
This case brings into play the second standard. The officer observed a traffic violation. His subjective reason for making the stop was of no import. The Ohio Supreme Court has held that "[w]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under theFourth Amendment to the United states Constitution even if the officer had some ulterior motive for making the stop * * *."[10]
The law requires a vehicle to be driven "as nearly as is practicable entirely within a single lane of traffic" and that a vehicle not be moved from its lane "until the driver has first ascertained that such movement can be made with safety."[11] The officer in this case observed Johnson's vehicle travel outside its lane three times within two-tenths of a mile. There was no external condition that would have caused or justified the deviation. The facts known to the officer at the time he made the stop were sufficient to constitute probable cause to believe Johnson had violated the law. Thus, Officer Hughes's stop was constitutionally valid. The assignment of error is, accordingly, without merit.
We affirm the trial court's judgment.
Judgment affirmed.
 Doan and Hildebrandt, JJ., concur.
[1] R.C. 4511.33.
[2] R.C. 4511.19(A)(1).
[3] See State v. Eberhart, 1st Dist. No. 010346, 2002-Ohio-1140, at ¶ 8.
[4] See id.
[5] See State v. Moeller (Oct. 23, 2000), 12th Dist. No. CA99-07-128. See, also, State v. Woodrum, 4th Dist. No. 00CA50, 2001-Ohio-2650.
[6] See State v. Moeller, supra, citing Terry v. Ohio (1968), 392 U.S. 1,21, 88 S.Ct. 1868.
[7] See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868.
[8] See State v. Moeller, supra.
[9] Accord Dayton v. Erickson, 76 Ohio St.3d 3, 1996-Ohio-431,665 N.E.2d 109; See State v. Moeller, supra, and cases cited. See, also,State v. Woodrum, supra, and cases cited.
[10] See Dayton v. Erickson, 76 Ohio St.3d 3, 1996-Ohio-431,665 N.E.2d 1091, syllabus.
[11] R.C. 4511.33(A).